## A. F. HOLMES v. STATE.

No. A-2279.   Opinion Filed Feb. 5, 1916.
(154 Pac. 502.)

Fogg & Bennett, for plaintiff in error.

R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. Upon rehearing it is urged that the evidence introduced in this cause on behalf of the state is legally of doubtful competency. In fact, all of the direct evidence, under strict adherence to the rules of law governing the introduction of testimony, should probably have been excluded. Taking as a whole, however, and considering all the facts and circumstances introduced in the case, we entertain no doubt that the jury's verdict finding defendant guilty was just.

There are errors of law urged in the brief and argument which are of more or less merit, but sufficient prejudice does not appear to warrant a reversal of this judgment. There is no proof disclosed by the record that the plaintiff in error was ever indicted, or convicted, of a similar offense. There was no proof offered by the plaintiff in error in his defense. He chose to stand on technical errors of law.

Upon a re-examination of the record, we are of the opinion that the irregularities complained of tended reasonably to prejudice the jury in the matter of assessing the punishment. A fine of $250 was imposed and a jail

sentence of 90 days. A new trial in this cause would probably result in another conviction; but, if tried according to law, a lighter punishment would probably be imposed.

It is therefore the judgment of the court that the ends of justice warrant a modification of this judgment by reducing the fine from $250 to $150 and imprisonment from 90 to 60 days. It is therefore so ordered.

As modified, the judgment, on rehearing, is affirmed. Mandate ordered forthwith.